HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARKEMA INC., a Pennsylvania Corporation, and GENERAL METALS OF TACOMA, INC., a Washington Corporation,

Plaintiffs,

v.

ASARCO, INC., a New Jersey Corporation, et al.,

Defendants.

Case No. C05-5087 RBL

ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motion for Reconsideration/ Clarification. [Dkt. #159]. The Court's earlier Order denied Plaintiffs' Motion to Compel and upheld Defendants' joint defense privilege regarding work product documents used during arbitration as part of their on-going and joint effort to set up a common defense strategy. [Dkt. #158, 3].

Plaintiffs bring this Motion seeking clarification or reconsideration of "whether factual data is privileged" and assert that arbitration documents being withheld as privileged are factual and therefore discoverable. [Dkt. #159, 2]. Further, Plaintiffs ask the court to define "business records" and "factual data" and to appoint a special master to review disputed documents to determine discoverability. [Dkt. #163, Plaintiffs' Reply, 6]. Defendant Weyerhaeuser maintains it has produced factual data regardless of whether such data was produced or used in the arbitration. [Dkt. #162, 2].

ORDER                                  -1-

1   Motions for reconsideration are disfavored and courts will ordinarily deny such motions in the absence
2   of a showing of manifest error. W.D. Wash. CR 7(h). Although Plaintiffs have not show manifest error, they
3   do additionally ask for clarification of the court's earlier order; specifically, Plaintiffs ask the Court to address
4   the argument that facts are not privileged. [Dkt. #163, 2].

5   Both parties agree that facts are not privileged. [Dkt. #162, #163]. When there is a legitimate privilege,
6   such as the joint defense privilege in this case, "the underlying facts known to those who generated the work
7   product or attorney-client materials are not privileged information." *FDIC v. Butcher*, 116 F.R.D. 196, 200
8   (D. Tenn. 1986). Defendants in their Reply state their concern that the parties disagree on their definition of
9   factual data. [Dkt. #163, 3:5-6]. Specifically, Defendants want to ensure that business records requested during
10  discovery have been produced. Weyerhaeuser has repeatedly assured Plaintiffs and the Court that it has
11  "produced 'factual data,' including business records." [Dkt. #162, 5:3].

12  A document should be deemed prepared "in anticipation of litigation" and thus eligible for work product
13  protection under Rule 26(b)(3) if "in the light of the nature of the document and the factual situation in the
14  particular case, the document can be fairly said to have been prepared or obtained because of the prospect of
15  litigation." *In Re Grand Jury Subpoena (Mark Torf/Torf Environmental Management*, 357 F.3d 900, 907 (9th
16  Cir. 2004) (internal citations omitted). Under the "because of" standard employed by the Ninth Circuit, a court
17  must consider the totality of the circumstances, *Id.* at 908, rather than a determination of whether the document
18  was "solely prepared for purposes of litigation" as the Defendant asserts. Documents that fall under the work
19  produce privilege, "may include business records that were specifically selected and compiled by the other party
20  or its representatives in preparation for litigation." *Peterson v. Douglas County Bank & Trust Co.*, 967 F.2d
21  1186, 1189 (8th Cir. 1992). Therefore, when Defendant Weyerhaeuser asserts it has produced all "non-
22  privileged business records" this is not an oxymoron as Plaintiffs argue, but a statement that it has complied with
23  discovery requests regarding all non-privileged documents.

24  Plaintiffs further assert that any transcripts and depositions containing testimony should be produced
25  as "facts." [Dkt. #163, 4]. Defendant once again points out that it has already produced the underlying factual
26  data on which the arbitration was based; this includes the factual basis for the depositions and transcripts. The
27  ORDER

1  transcripts themselves are not facts, and Plaintiffs are free to depose the same witnesses regarding all factual
2  issues relevant to this litigation. Transcripts sought by Plaintiffs are a record of communications between and
3  among joint defense members and their attorneys. Plaintiffs argue that the cases cited by Weyerhaeuser
4  regarding transcripts don't apply because they deal with internal transcripts being covered by work product.
5  What Plaintiffs overlook in this argument is that the Court has already ruled that the arbitration in this case did
6  not waive the work product or attorney client privilege in this case, and thus transcripts of the proceeding are
7  internal for the purposes of the joint defense privilege. Because the arbitration in this case was in the common
8  interests of the parties as they worked towards dividing environmental clean up costs, the parties maintained
9  their common defense interests and the arbitration itself was essentially internal.

10       The Court DENIES Plaintiffs' request for a special master to review disputed documents. Plaintiffs'
11  Motion for Reconsideration is DENIED.

12       IT IS SO ORDERED.
13       Dated this day 7th of August, 2006.

                                              /s/ Ronald B. Leighton
                                              RONALD B. LEIGHTON
                                              UNITED STATES DISTRICT JUDGE

27  ORDER
28                                                -3-