# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| ARKEMA, INC., a Pennsylvania corporation and GENERAL METALS OF TACOMA, INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ASARCO, IN.C, a New Jersey corporation; ECHO LUMBER CO., an Oregon corporation; GOODWIN JOHNSON (1960) LTD., a Canadian corporation; JOHNSON-BYERS, INC., a Washington corporation; DONALD E. OLINE, a Washington resident; PETROLEUM RECLAIMING SERVICE, INC., a Washington corporation; and WEYERHAEUSER COMPANY, a Washington corporation,<br><br>Defendants. | No. CV05-5087<br><br>**DECLARATION OF CLARK J. DAVIS IN SUPPORT OF MOTION TO EXCLUDE NEW OPINIONS IN SUPPLEMENTAL EXPERT REPORT SUBMITTED BY PLAINTIFFS** |

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 1

**DAVIS ROBERTS & JOHNS, PLLC**
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 001

CLARK J. DAVIS declares as follows:

1. I am over the age of 18 and competent to testify to the matters contained herein. I am one of the attorneys representing defendant Donald E. Oline in this action.

2. In the course of my representation in this matter I have communicated with counsel for other parties, conducted or directed discovery, conducted or directed investigation, and taken other actions to determine and protect the interests and goals of my client in this litigation.

3. We have based key decisions concerning discovery and the preparation of our defense in this case on our professional judgment concerning the nature and extent of the potential liability and exposure of our client in this case. This judgment was, in turn, based upon the disclosed opinions of experts retained by the plaintiffs, which the plaintiffs now seek to significantly expand, through new opinions contained in a supplemental report. Introducing the new opinions at this point in the litigation would highly prejudice our defense of this matter. We have based decisions concerning depositions and other discovery, investigation, and retention of and consultation with experts upon the opinions as stated by the plaintiffs' experts in the reports submitted in accordance with the Case Management Order.

4. I do not intend to pre-argue the merits of our case in this declaration. Furthermore, I obviously prefer not to unnecessarily reveal my professional analysis

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 2

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 002

and tactics. To illustrate the prejudice that introduction of the new opinions submitted at this time would create, however, I provide the following general description of our analysis and certain tactical decisions made in the course of this litigation, in reliance upon compliance with the requirements of the Federal Rules of Civil Procedure and the Case Management Order, particularly with respect to submission of expert reports.

5. Based upon my prior representation of Don Oline, my related investigation of the plaintiffs' current claims against Mr. Oline, the Rule 26(a) disclosures of plaintiffs, and the plaintiffs' responses to our written discovery requests, it was my opinion that the plaintiffs did not have a factual basis upon which to establish a substantial claim against my client. As reflected in the plaintiffs' answers to our first interrogatory, copies of which are attached hereto as Exhibit A, plaintiffs initially purported to base their claims against Mr. Oline upon his former ownership of certain properties, including several parcels some distance from the Hylebos Waterway, and an indemnification provision.

6. For several reasons, it was our judgment that the plaintiffs could not support a substantial claim based upon the facts described. Among other factors, the plaintiffs based their claim upon the assumptions that (1) significant contamination was released on all of the properties referred to, which we knew to be incorrect, and (2) that all of the properties have a pathway to the Hylebos Waterway, which, except

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 3

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 003

with respect to a few of the properties, is unproven and in some cases plainly in error. With respect to the indemnification referred to, we did not believe that plaintiffs could establish a factual predicate for recovery under the provision. The attached answers to Interrogatory No. 1, tended to support this conclusion, in that plaintiffs did not state any facts upon which they would base their claim, other than quoting the indemnification provision itself which, standing alone, provides no justification for recovery.

7. In this case, as in most CERCLA contribution actions, the key issue is the equitable shares of the parties, addressed in our Interrogatory No. 24, and the plaintiffs' response thereto, dated May 24, 2006, as follows:

> **INTERROGATORY NO. 24:** State the Fair Share properly attributable to Don Oline, and identify all facts, supporting documents, or persons you believe have knowledge regarding the basis of such attribution.
>
> **ANSWER:** Arkema has not completed its work regarding parties' fair shares for response and remedial action costs, because all active site remediation work was only recently completed, and all costs have not yet been tallied. Arkema will produce information regarding parties' fair shares allocation for response and remedial action costs when Expert Witness Reports are submitted. However, cost documentation has been provided in Documents Produced, including copies of invoices to date from the Head of Hylebos Cleanup Group remedial action. Costs for work preformed in late 2005 and 2006 are still being compiled.[1]

---

[1] This is the Arkema answer. The answer of General Metals to the same interrogatory was virtually identical.

| | |
|---|---|
| DECLARATION OF CLARK J. DAVIS IN SUPPORT OF MOTION TO EXCLUDE NEW OPINIONS - 4 | DAVIS ROBERTS & JOHNS, PLLC<br>7525 PIONEER WAY, SUITE 202<br>GIG HARBOR, WASHINGTON 98335<br>TELEPHONE (253) 858-8606<br>FAX (253) 858-8640 |

EXHIBIT 004

8. Based upon the discovery responses referred to above, and other information, it was evident that the Expert Witness Reports to be submitted by the plaintiffs would constitute essentially their entire case against Mr. Oline. For this reason I concluded that it would not be productive, and possibly would be counterproductive, to conduct further discovery, particularly through depositions, until the plaintiffs submitted their Expert Witness Reports. I also concluded, based upon the absence of any evidence supporting attribution of significant equitable responsibility to Mr. Oline, that it was not necessary to designate a primary expert. On July 14, 2006, the date of the deadline for disclosure of expert witnesses, I sent a letter to all counsel, stating that I would not be disclosing a primary expert, reserving the right to designate a rebuttal expert. A copy of the letter is attached hereto as Exhibit B.

9. On July 17, 2006, the plaintiffs submitted expert reports, including that of Paul F. Fuglevand (the Fuglevand Report), attached hereto as Exhibit C, and that of Raleigh Farlow (the Farlow Report), attached hereto as Exhibit D.

10. Although a number of other expert reports were submitted by plaintiffs and other parties to this litigation, only the Fuglevand and Farlow reports contained opinions potentially pertaining to Don Oline.

11. The opinion of Mr. Fuglevand pertaining to Mr. Oline is set forth in its entirety as Opinion 12 of his report. Mr. Fuglevand does not allocate any

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 5

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 005

responsibility or cost to Don Oline. Rather, Mr. Fuglevand states that Mr. Oline formerly owned and operated the Hylebos Marina and "the cost associated with dredging PAH impacted sediment around Hylebos Marina is estimated at $2,050,000." He states that it would be reasonable to allocate half this amount to sources of PAHs. To establish a link between the PAH contamination and the Hylebos Marina, he notes that 107 cresote treated pilings were removed from the Marina, and that analysis by Raleigh Farlow "disclosed that the PAHs found in the vicinity of the Hylebos Marina consist to [sic] coal tar, a primary component of creosote used to treat timber piles."

12. In the last paragraph of Opinion 12, Mr. Fuglevand states the following:

> The Port of Tacoma and Occidental Chemical completed remediation as part of the CB/NT Superfund project adjacent an auto fluff site in the Middle of the Hylebos Waterway owned by Don Oline located at 2120 Marine View Drive. Sediment was dredged and disposed of from that location. Pursuant to a settlement agreement between the HHCG and Port of Tacoma and Occidental Chemical, Arkema and General Metals received an assignment of the claims for response costs for Don Oline's Hylebos liabilities. Exact cost information relating to this work is being sought from third parties and I will supplement my opinion when that information is available.

13. The Farlow report is long and complex and almost entirely dedicated to establishing a link between 1700 pilings at the Weyerhaeuser Tacoma Export

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 6

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 006

Facility and PAH contamination in sediments of the Waterway. Mr. Farlow bases his opinion on this subject substantially upon the occurrence of the tracer chemical, cyclopntaphenanthrene. The most significant element of the opinion of Mr. Farlow to our defense is his determination that cyclopntaphenanthrene occurred at low levels in PAHs found in the area of the Hylebos Marina, suggesting that Marina pilings were not a PAH source, a result that Mr. Farlow dismissed as anomalous.[2]

14. We reviewed all of the expert reports submitted by the parties. In consultation with our expert, Chris Waldron, we concluded that the opinions of Mr. Fuglevand and Mr. Farlow, and other evidence identified by plaintiffs, confirmed that plaintiffs could not support a substantial claim against Don Oline. We noted that plaintiffs, predictably, had abandoned any effort to establish a claim against Don Oline based upon his relationship to properties other than the Hylebos Marina. Furthermore, among other key points, we noted that Mr. Fuglevand did not attribute or allocate any costs to Don Oline. Rather, he left to Mr. Farlow the task of linking remedial action costs to Mr. Oline. As noted, Mr. Farlow made virtually no effort to close this loop. Mr. Farlow referred only briefly to the Hylebos Marina, essentially as an afterthought to his opinion regarding Weyerhaeuser, and did not refer to Don Oline at all. Furthermore, to the extent that Mr. Farlow expressed an opinion associating

---

[2] See Davis Declaration, Exhibit D at Page 40 to 41.

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 7

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 007

contamination with the Marina, his opinion was qualified and, in our opinion, virtually self-rebutting.

15. With respect to the stated intention of Mr. Fuglevand to supplement, quoted in paragraph 12, above, our review of sediment data and other information indicated that plaintiffs could not support a claim for costs related to the "auto fluff site." Furthermore, we doubted that the Court would permit plaintiffs to supplement the opinion of Mr. Fuglevand on this subject, in that there was no justification for departure from the requirements of the Case Management Order in disclosing this information. It is notable that in his new opinions Mr. Fuglevand, again predictably, appears to abandon his supposed intention to obtain costs related to activities of defendant Oline at the "auto fluff site."

16. Based upon our review and analysis of the Fuglevand and Farlow reports, we were and are highly confident that the plaintiffs could not establish that even a small amount of PAH contamination was attributable to pilings at the Hylebos Marina, which was the entire theory and factual basis that the plaintiffs disclosed to support their claim against Don Oline. Based upon this analysis, in July of this year we reached several key decisions concerning the handling of this case. Among other determinations, we concluded that it was unnecessary, and would be counterproductive, to schedule depositions other than of Mr. Fuglevand and Mr. Farlow, and that it was not necessary to retain an expert other than Mr. Waldron, who

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 8

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 008

prepared a rebuttal report, a copy of which is attached hereto as Exhibit E, submitted to the parties on August 29, 2006 in accordance with the Case Management Order.

17.     On October 12, 2006, the deposition of Paul Fuglevand was taken in this case. A transcript of my questioning of Mr. Fuglevand is attached hereto as Exhibit F. In his testimony, Mr. Fuglevand confirmed the opinions stated in his report, as well as their limitations. He generally testified that approximately $1,000,000 in costs are attributable to PAH contamination in the vicinity of the Marina, from a variety of sources, and that allocation to the Hylebos Marina should be based upon the fraction of the PAH contamination in that area that was released from the Marina pilings, as determined by Raleigh Farlow. See Exhibit F, Fuglevand Deposition Transcript, at 279-84.

18.     In the deposition, I questioned Mr. Fuglevand about his intention to supplement his opinion, as stated in the last paragraph of Opinion 12, quoted above in paragraph 12 of this declaration. Responding to the questioning, Mr. Fuglevand stated that in July he had made one or two telephone calls to request information on costs incurred by the Port of Tacoma and Occidental Chemical dredging sediments adjacent to "an auto fluff site…owned by Don Oline," but otherwise had made no effort to obtain the information that supposedly was "being sought from third parties," in the three months that had passed between the date of his report and the date of his deposition." Id. at 285-89.

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 9

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 009

19. Over two months later, less than a week before the discovery cut-off in this case, we on November 28, 2006 received the Supplemental Expert Report of Paul F. Fuglevand, P.E. dated November 27, 2006, a copy of which is attached hereto as Exhibit G. The report contains a Corrected Opinion 12, correcting an arithmetic mistake in the original report. We do not object to this corrected opinion, which is a proper supplementation.

20. Unfortunately, the report also contains two new opinions, New Opinion S1 and New Opinion S2, which are not mere corrections to a the prior report, but totally new opinions, that would constitute theories of liability entirely different from the previously disclosed opinions.

21. In Opinion S1, Mr. Fuglevand states that the Hylebos Cleanup Committee (HCC) "incurred $38,205 in investigation costs on Don Oline shoreline properties in Hylebos Waterway." It is my understanding that the HCC includes members other than the present plaintiffs, but we do not know specifically who was in that group. Up to the time that we received the Supplemental Report, we had no reason to investigate or take discovery concerning the constituency of the HCC or their actions, and have not done so. Moreover, prior to receiving the Supplemental Report, we had no reason to investigate or take discovery concerning the nature, extent and accuracy of the costs that in the report the plaintiffs claim the HCC has incurred investigating the Don Oline Properties.

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 10

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 010

22. In Opinion S2, Mr. Fuglevand states that the plaintiffs "incurred $1,982,400 for the remedial action dredging on the Hylebos Marina Property at the Head of the Hylebos Waterway." This opinion is very different from Opinion 12 in his original report. As Mr. Fuglevand states in the Supplemental Report: "Opinion 12 states the volume of PAH impacted sediment around (both on and off) Hylebos Marina, and Opinion S2 states the volume of material dredged on the parcel of land defined by the Hylebos Marina property lines at the Head of the Hylebos Waterway." In other words, Opinion 12 states the volume of dredged sediments impacted by PAHs potentially originating at the Marina, without regard to where the sediments were located. Opinion S2 states the volume of material dredged within the property lines of the Marina, without regard to whether the sediments were contaminated, by PAHs or any other substance.

23. The goal of plaintiffs in Opinion 12 was clear. Together with the opinion of Mr. Farlow, the opinion was to constitute a basis for a causation based allocation of responsibility to Don Oline, the most common and easily applied basis for recovery in a CERCLA contribution action. It appears, however, that having further evaluated the matter with the benefit of the report of our expert Chris Waldron and the deposition testimony of Mr. Fuglevand and Mr. Farlow, plaintiffs recognize that they will have difficulty proving that even trace of contamination can be attributed to Mr. Oline based upon the evidence that they timely presented.

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 11

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 011

24. Having come to this realization, the plaintiffs evidently seek to shift to a theory of recovery that is not based upon causation, or even upon the occurrence of contamination. I can only speculate as to what their theory may be.

25. At the risk of belaboring the point, we are confident that we can disprove the factual predicate of the current causation based theory of liability that the plaintiffs assert against Don Oline. We have no reason to doubt that we would be able to respond effectively to the new theory, whatever it is, if it had been disclosed in a timely manner, in accordance with the Rules and the orders of this court. We cannot, however, begin the process of understanding, investigating and taking discovery on a theory based upon a totally new expert opinion at this late stage in the litigation - after the conclusion of discovery and after we have made critical decisions based upon disclosures made, and not made, in accordance with the Case Management Order.

26. Although it is difficult to know all of the actions that we would have taken in the case if we had received Opinions S1 and S2 in on July 14, 2006, as required by the Case Management Order, we would certainly have approached the case very differently. We would have inquired into the basis and significance of the new opinions, through written discovery and other avenues. Furthermore, among other actions, we would have conducted additional depositions, pursued different lines of questioning with witnesses who were deposed, obtained and reviewed additional documents, and retained one or more additional expert witnesses. For these reasons,

DECLARATION OF CLARK J. DAVIS
IN SUPPORT OF MOTION TO
EXCLUDE NEW OPINIONS - 12

DAVIS ROBERTS & JOHNS, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

EXHIBIT 012

```
 1
 2   permitting the plaintiffs to submit the new opinions would highly prejudice our ability
 3   to conduct this defense.
 4        I declare that the foregoing is true and accurate on penalty of perjury under the
 5   laws so the State of Washington.
 6
 7        DATED this 21st day of December, 2006.
 8                    DAVIS ROBERTS & JOHNS, PLLC
 9
                          /s/ Clark J. Davis
10                    CLARK J. DAVIS, WSBA No. 11635
                      MICHAEL W. JOHNS, WSBA No. 22054
11                    Attorneys for Defendant DONALD E. OLINE
12
...
26   DECLARATION OF CLARK J. DAVIS        DAVIS ROBERTS & JOHNS, PLLC
     IN SUPPORT OF MOTION TO              7525 PIONEER WAY, SUITE 202
     EXCLUDE NEW OPINIONS - 13            GIG HARBOR, WASHINGTON 98335
                                          TELEPHONE (253) 858-8606
                                          FAX (253) 858-8646
```

EXHIBIT 013