HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARKEMA INC., a Pennsylvania Corporation, and GENERAL METALS OF TACOMA, INC., a Washington Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ASARCO, Inc., a New Jersey Corporation; et al.,<br><br>Defendants. | Case No. C05-5087 RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Plaintiffs' Motion to Compel 30(b)(6) Deposition [Dkt. #228].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Plaintiffs seek to compel defendant Weyerhaeuser to produce a Fed. R. Civ. P. 30(b)(6) witness for deposition regarding one 30(b)(6) topic that was requested in plaintiffs' Notice of 30(b)(6) Deposition of Weyerhaeuser Company served on November 22, 2006. The topic was not covered in the November 29, 2006 30(b)(6) deposition of Weyerhaeuser's representative Jon C.W. Siefert. Defendant Weyerhaeuser objects to the taking of another 30(b)(6) deposition for several reasons: (1) that the topic on which plaintiffs seek a 30(b)(6) deposition was not raised in preparatory discussions for the 30(b)(6) deposition; (2) plaintiffs waived the issue by not moving to compel before the discovery cutoff date, and; (3) plaintiffs have had ample opportunity to discover the facts they seek on the topic and thus will suffer no prejudice by the denial of their

motion. For the reasons stated herein, the Court will grant plaintiffs' motion to compel a 30(b)(6) deposition on the remaining topic set forth in their November 22, 2006 notice.

In a series of discussions by email between counsel in August through November, 2006, the parties agreed on a series of depositions including a 30(b)(6) deposition of Weyerhaeuser representative Jon Siefert. See generally, Weyerhaeuser's Response and Exhibit A, Declaration of Keith Klein [Dkt. #244]. Plaintiffs informed Weyerhaeuser by email dated August 31, 2006 of the subject matter of the 30(b)(6) deposition. On November 22, 2006 plaintiffs sent Weyerhaeuser a Notice which contained nine separate topics for deposition. Included in the Notice was topic numbered nine:

> All facts that form the basis for Weyerhaeuser's counterclaim in this litigation, including but not limited to the costs that Weyerhaeuser is claiming through the counterclaim and its basis for seeking those costs against any other party or entity. This request also includes information related to the allocation from the WDG arbitration.

Weyerhaeuser promptly objected to the deposition covering this topic because it had not been included in the prior discussions of the subject matter for the 30(b)(6) deposition. Declaration of Timothy L. Ashcraft, Exhibit 4 [Dkt. #229].

By email dated November 27, 2006 plaintiffs responded to Weyerhaeuser's objection as to topic nine by asking about potential dates for a 30(b)(6) deposition on that topic. Id. Plaintiffs asked again on November 29, 2006 at the 30(b)(6) deposition of Jon Siefert for dates to address topic nine. Ashcraft Decl., Exhibit 6. The subject was not brought up again until January 5, 2007 in a telephone conversation and a January 11, 2007 email. In the final email on the issue dated January 19, 2007, the parties could not agree on plaintiffs' request to schedule a 30(b)(6) deposition on this topic. This motion followed.

The purpose of a 30(b)(6) deposition is to gather information from a knowledgeable spokesperson of the defendant whose answers bind the corporation. *See Reilly v. Natwest Mkts. Group Inc.,* 181 F.3d 253, 268 (2d Cir. 1999). Plaintiffs requested this information on November 22, 2006, over a week before the December 1, 2006 motions cutoff date. They continued to request dates from Weyerhaeuser for the deposition on the topic after Weyerhaeuser objected. Thus, plaintiffs did not "waive" any rights to deposing a 30(b)(6) witness on the disputed topic. Merely because plaintiffs could have asked Weyerhaeuser's retained experts about the facts and the costs supporting Weyerhaeuser's counterclaims for contribution and setoff, does not mean they may not depose a company spokesperson on the issue whose testimony, unlike the experts, binds

the company.  It is therefore,

**ORDERED** that Plaintiffs' Motion to Compel 30(b)(6) Deposition [Dkt. #228] is **GRANTED**.  The deposition shall occur on topic nine (as limited by this Court's prior Orders, Dkt. #'s 158 and 164) at a mutually agreed date and time on or before March 9, 2007.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 23RD day of February, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE