HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARKEMA INC., a Pennsylvania Corporation, and GENERAL METALS OF TACOMA, INC., a Washington Corporation,<br><br>Plaintiffs,<br>v.<br>ASARCO, Inc., a New Jersey Corporation; BALFOUR GUTHRIE & CO., LTD., a Delaware Corporation; SYGEN INTERNATIONAL PLC, an English Corporation; ECHO LUMBER CO., an Oregon Corporation; GOODWIN JOHNSON (1960) LTD., a Canadian Corporation; JOHNSON-BYERS, INC., a Washington Corporation; JCI JONES CHEMICALS, INC., a/k/a JONES CHEMICAL COMPANY, INC., a New York Corporation; MILGARD MANUFACTURING INC., a Washington Corporation; DONALD E. OLINE, a Washington resident; PETROLEUM RECLAIMING SERVICE, INC., a Washington Corporation; PORTAC, INC., a Washington Corporation; and WEYERHAEUSER COMPANY, a Washington Corporation;<br><br>Defendants. | NO. CV05-5087<br><br>**ORDER APPROVING SETTLEMENT AND DISMISSING AND BARRING CLAIMS AGAINST DONALD E. OLINE** |

Order Approving Settlement and
Dismissing and Barring Claims - 1
#1241695 v1

The Court, being fully advised in the premises and for good cause shown, hereby grants Plaintiffs' Motion and makes the following findings and order:

**FINDINGS**

1. Arkema, Inc. and General Metals of Tacoma, Inc. ("Plaintiffs") filed a complaint in this case on February 1, 2005, asserting claims for contribution against defendant Donald E. Oline (the "Settling Defendant") and other defendants under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f) and the Washington Model Toxics Control Act ("MTCA"), RCW 70.105D.080, and contractual indemnity.  Plaintiffs' claims are based upon response costs they allegedly incurred in responding to the release of hazardous substances to an area known as the Head of the Hylebos which is a portion of the Hylebos Waterway Problem Area located within the Commencement Bay Nearshore/Tideflats Superfund Site, a designated National Priorities List site in Tacoma, Washington (the "Site").

2. Certain defendants in this case have asserted cross-claims for contribution and/or indemnity against other defendants, including the Settling Defendant, under CERCLA, MTCA and other state and federal laws.

3. The Plaintiffs have entered into a good faith settlement agreement dated April 27, 2007 with the Settling Defendant (the "Settlement").  The Settlement releases the Settling Defendant from claims asserted by the Plaintiffs.  The Settlement is contingent upon this Court's approval and issuance of an order dismissing and barring claims against the Settling Defendant.

4. Plaintiffs and the Settling Defendant negotiated at arms-length and considered the strengths and risks of their respective cases, evidentiary and legal issues as known at this time, and the expenses of litigation.

5. The Settlement and the application of the principles of section 6 of the Uniform Comparative Fault Act, 12 U.L.A. 126-53 (1996), with respect to the Settlement's effect on

Order Approving Settlement and
Dismissing and Barring Claims - 2
#1241695 v1

nonsettling defendants in this case are fair and consistent with the purposes of CERCLA and the strong federal policy favoring settlements.

**ORDER**

IT IS HEREBY ORDERED that:

1. The Settlement is approved and all claims by Plaintiffs against the Settling Defendant are hereby DISMISSED, WITH PREJUDICE.

2. All claims for contribution against the Settling Defendant relating to the Site under CERCLA, MTCA or any other applicable federal or state laws are hereby BARRED and DISMISSED, WITH PREJUDICE, including those claims asserted by the remaining, nonsettling defendants.

3. The principles of Section 6 of the Uniform Comparative Fault Act, 12 U.L.A. 147 (1996) shall govern the effect of the Settlement on Plaintiffs' claims against nonsettling defendants and that Plaintiffs' recovery, if any, against the nonsettling parties shall be reduced by the Settling Defendant's equitable and proportionate share of liability for response actions at the Site, as equitable shares may be determined at trial.

IT IS SO ORDERED this 1st day of May, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE